In the Matter of LEONARD WEBER and SHELDON M. WEISS, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— On the court's own motion, the decision dated March 21, 1966, is withdrawn and substituted by the following decision, *nunc pro tunc* as of March 21, 1966: This is a proceeding to discipline respondents, attorneys, based on eight charges or specifications of professional misconduct (Nos. 7A to 7H) arising out of the recent Judicial Inquiry into Unethical Practices of Attorneys in Nassau County. The Special Referee to whom the issues were referred has held hearings and has filed his report. The Referee found charges 7A, 7B, 7C and 7E not sustained and recommended their dismissal. One charge (7D) was withdrawn by petitioner. By stipulation, it was agreed that charges 7F and 7G and the proof on these specifications be submitted jointly and be considered together. The Referee (a) sustained charge 7F to the extent that respondents filed statements of retainer inaccurately and carelessly describing claimants as personal friends of referrers of cases to respondents; (b) sustained charge 7G to the extent that (1) it was the policy of respondents to distribute their "business cards" in letters sent to people who had referred cases to them, for the purpose of having the referrers recommend additional cases to them, (2) respondents gave their cards to an employee of a

tow truck operator so that he would be in a position to recommend cases to them, (3) respondents met an employee of a repairman and tow truck operator by design so as to attract negligence practice and (4) respondents glamorized and dramatized their negligence cases in a luncheonette with deliberate intent to attract people to their office if they had negligence cases; and (e) sustained charge 7H (which alleged that respondents had made improper allocations of substantial sums of money to business promotion (travel and entertainment) and thereby concealed or attempted to conceal improper payments to referrers, by withdrawing cash from their bank account and mislabeling the purpose for which the cash was withdrawn) to the extent that respondents acted unethically in making promotional, miscellaneous or Christmas expenses in huge amounts when compared with their gross income and other expenses. The Referee stated that it was his opinion that respondents never considered the practice of law as a profession, that to them it was a business and that their conduct was unethical and should be frowned upon and condemned. The Referee recommended suspension of respondents from the practice of law for a period of one year and six months. Petitioner now moves (1) to confirm the Referee's report as to charges 7F, 7G and 7H and (2) to disaffirm the report as to charges 7A, 7B, 7C and 7E. Respondents cross-move to confirm in part and disaffirm in part the Referee's findings and to dismiss the petition. In our opinion, the Referee's limited findings as to charges 7F and 7G, as aforesaid, did not properly evaluate all of the evidence submitted. We find that the evidence fully sustains charge 7F as alleged, namely, that respondents filed statements of retainers falsely and inaccurately describing claimants as personal friends of referrers in an attempt to deceive the court; and that the evidence likewise fully sustains charge 7G as alleged, namely, that respondents stirred up litigation by having auto repairmen, insurance brokers and others refer claimants in negligence cases to them and that they performed legal services for referrers without charge for legal fees. We make new findings accordingly, on our own motion. The proceeding was tried by petitioner and respondents on the theory that the charge of stirring up litigation involved solicitation of clients after the happening of an accident. The proof showed that (1) six people, consisting of employees of tow truck operators, auto body repairmen and insurance companies, referred about 50 cases to respondents; (2) respondents furnished and supplied their business cards to these referrers, with knowledge that they were in a business where they were likely to come in contact with victims of accidents, and with the design to induce these victims to retain respondents as their attorneys; (3) these business cards were presented by the referrers to persons involved in automobile accidents either at the scenes of the accidents or at the places of business of the referrers; (4) at least one referrer drove some clients in a tow truck from the scene of the accident to respondents' office, took some clients from their homes to respondents' office and took some clients from the auto body shop to respondents' office; (5) there was a prior arrangement between respondents and the referrers for the recomendation of legal business; (6) the solicitation by the referrers of cases to respondents was systematic; (7) respondents performed legal services without fee for some of the people who referred matters to them; (8) respondents entertained the referrers at frequent intervals; and (9) the false description of claimants as personal friends of the referrers (charge 7F) was a device used in an attempt to cover up the solicitation. (*Matter of Kreisel,* 21 A D 2d 431; *People* v. *Schneider,* 20 A D 2d 408; cf. *Matter of Fata,* 22 A D 2d 116.) On the evidence presented, the charge of stirring up litigation, as spelled out in the specifications, was amply supported by the proof and fully sustained. We find that charge 7H was not sustained by the proof and that it should be dismissed. We approve the Referee's

findings that charges 7A, 7B, 7C and 7E have not been sustained by the proof. Insofar as petitioner's motion is to confirm the report of the Referee, it is granted to sustain the Referee's findings as to charges 7F and 7G; the motion is denied as to charge 7H; insofar as it is to disaffirm the Referee's findings as to charges 7A, 7B, 7C and 7E, the motion is denied. Respondents are found guilty of charges 7F and 7G (on this court's own motion as to so much of these charges as the Referee did not find guilt) and, based upon such guilt, they are suspended from the practice of law for a period of one year, commencing 30 days after entry of the order hereon. In any event, the finding of guilt as to 7G alone warrants the suspension in this case. The discipline is limited to a one-year suspension in view of the finding of the Referee that, when requested by the Judicial Inquiry, respondents freely produced their files, papers, books and records, and that they held themselves available at all times for interrogation and co-operated fully with the Inquiry staff, and further in view of the fact that there is no prior record of discipline of respondents. Respondents' cross motion, insofar as it is for dismissal of the petition, is denied; and, insofar as it is to affirm in part and to disaffirm in part the Referee's findings, it is dismissed as unnecessary, in view of the disposition made upon petitioner's motion. Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.